MATTER OF LOPEZ

In Deportation Proceedings

A–20522662
A–20522648

*Decided by Board August 30, 1973*

Request to proceed with the filing of appeal *in forma pauperis* should be accompanied by a supporting statement disclosing sufficient details for a proper assessment of the claim of poverty. An attorney representing an alien who can afford to pay him a substantial fee should not represent to the Board, explicitly or tacitly, that his client is unable to pay the modest appeal-filing fee unless he is satisfied the request for filing of appeal *in forma pauperis* is made in good faith.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—After admission as nonimmigrant under section 101(a)(15)—remained longer than permitted.

ON BEHALF OF RESPONDENTS: H. Patrick McGarry, Esquire
714 W. Olympic Blvd., Suite 428
Los Angeles, California 90005

This is an appeal from an order of an immigration judge finding the respondents to be deportable and granting them the privilege of voluntary departure. The appeal will be dismissed.

Respondents are aliens, husband and wife, natives and citizens of Mexico, who were admitted to the United States as nonimmigrant visitors on or about November 6, 1972 and remained longer than permitted. At a joint hearing before an immigration judge on July 10, 1972, at which they were represented by present counsel, they admitted the truth of the factual allegations of their respective orders to show cause but denied deportability. The immigration judge found them to be deportable and granted them the privilege of departing voluntarily on or before August 10, 1973. They appealed.

The Acting District Director, asserting that the appeal is frivolous and following the procedure suggested in *Matter of Gamboa*, Interim Decision No. 2176 (BIA,1972), has promptly forwarded the

424

records without delaying to transcribe the hearing. In an accompanying memorandum, he has set forth the basis for his conclusion that the appeal can be adequately considered without a transcript. We are satisfied from the materials before us that we do not need a transcript to adjudicate this appeal.

Two grounds for appeal are set forth in the notice of appeal. The first is that the respondents have a minor child born in the United States whose constitutionally-guaranteed rights to parental care would be violated if the respondents are required to depart. The short answer is that whatever rights the child may have under the Constitution do not authorize the respondents to remain here in violation of the immigration laws. The respondents have it within their own power to avoid the alleged hardship that would befall the child on separation by taking the child with them when they depart.

The second ground of appeal, charging that the statutory distinction between natives of the Eastern and Western Hemispheres in visa allocations violates constitutional limitations, is beyond our power to adjudicate, *Matter of Chavarri-Alva*, Interim Decision No. 2188(BIA, 1973).

One further item should be mentioned. The notice of appeal was filed without prepayment of the required fee. Instead, counsel submitted the respondents' joint affidavit to prosecute the appeal without prepayment of fee under 8 CFR 3.3(b). The affidavit is on what appears to be a printed form, with filled-in blanks stating the names of the respondents, the date of the order appealed from, the date of the jurat and the name of the notary. All that appears with respect to the respondents' inability to pay the prescribed fee is the conclusory printed statement that, "Because of my poverty I am unable to pay the required fee."

In his memorandum transmitting the record to this Board, the Acting District Director has questioned the bona fides of the affidavit, alleging that information in the Service's administrative file reflects that the male respondent is employed at a weekly salary of $150.[1] We thereupon wrote counsel, requesting further details as to the respondents' alleged inability to pay, including the amounts they have paid (or obligated themselves to pay) for representation during the deportation proceedings and on this appeal. The requested details have not been supplied. Instead, counsel has paid the fee.

---

[1] Under 8 CFR 3.3(b), the certification as to the good faith of the application should have been made by the immigration judge, since his is the decision from which the respondents have appealed. In view of the fact that the fee has now been paid, this deviation from the regulation is of no consequence.

We call attention to this development because we wish to emphasize the fact that we rely in a large measure on the professional integrity of counsel in assessing their forwarded requests for leave to proceed *in forma pauperis*. The salutary provisions of 8 CFR 3.3(b) were designed to preserve the rights of persons unable to afford the customary filing fees. Ordinarily, we receive such requests from attorneys or others who represent the alien without fee for their professional services. An attorney representing an alien who can afford to pay him substantial fee should not represent to this Board, explicitly or tacitly, that his client is unable to pay the modest filing fee unless he is satisfied that the application is made in good faith. And if he is so satisfied, he should disclose to this Board sufficient details so that we may properly assess the claim of poverty. An attorney who lightly files such an affidavit in the hope of augmenting his return from the case by the amount of the filing fee, and then ultimately pays the fee rather than divulge further details, not only involves the case in unnecessary delay; he also opens the door to speculation as to his professional ethics.

**ORDER:** The appeal is dismissed.

**Further ordered:** Pursuant to the immigration judge's order, the respondents are permitted to depart from the United States voluntarily within 31 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondents shall be deported as provided in the immigration judge's order.